ON REHEARING GRANTED
PER CURIAM.
On the petition of the appellants directed to our opinion and judgment of affirmance filed June 23, 1970, it is argued by petitioners that the judgments of the trial court in the two appeals involved here should be reversed on authority of the case of Simpson v. Merrill, Fla.1970, 234 So.2d 3S0, decided by the Supreme Court of Florida on April 15, 1970, subsequent to the time these appeals were briefed and argued. In the Simpson case it was held that in a suit filed under § 196.01 Fla.Stat, F.S.A., challenging the legality (for excessiveness) of a tax assessment of real estate, any reduction of the assessment by the trial court must be based on competent evidence, and that a want of evidence of change of circumstances from a prior year, relating to the property, will not serve to authorize a reduction of the assessment by substituting the lower assessment valuation of the prior year. Further, in Simpson v. Merrill, supra, the Supreme Court, quoting with approval from the opinion of the district court of appeal, said:
“ ‘Section 196.01, Florida Statutes, F.S.A., authorizes the circuit court to inquire into and determine the legality, equality and validity of assessments and to render decrees setting aside such assessment or any part of the same that shall appear to be contrary to law. But this provision of the law does not permit the trial judge to use his independent judgment, without competent evidence being introduced before him, in fixing assessments. He can not take the place of the assessor, although he may reduce the tax assessor’s assessment if competent evidence is introduced showing the same to be in error.’ ”
On further consideration of these appeals in the light of that recent decision, and with the benefit of reargument, for the reasons set out below, we adhere to our affirmance *495 of the judgment involving the 1967 assessment (appeal No. 69-863), and vacate our affirmance of the judgment relating to the 1968 assessment (appeal No. 69-876) and reverse for new trial, on the authority of Simpson v. Merrill, supra.
In the suit involving the 1967 ad valorem tax assessments of the real estate (exclusive of improvements) of the appellee Hialeah Race Course, Inc. (the Hialeah race track property), under review on appeal No. 69-863, the trial court reduced the assessment by approximately one half on the basis of testimony as to value of the property given by one expert witness presented on behalf of the plaintiff. The value placed thereon by the witness was the same as that for which the property had been assessed in 1965 and 1966, and for which it had been valued by an appraiser in 1961. The result was that the 1967 assessment was reduced by the trial court to the value upon which the property had been assessed in the years 1965 and 1966.
It appears odd, indeed, that the Hialeah race track real estate should be considered by an appraiser to have experienced no increase in value between 1965 and 1968 (and in fact from 1961) when by common knowledge it is observed that assessment valuations of real estate generally throughout Dade County in that period have reflected steady and substantial increases in value upon which most owners in the county have been charged and taxed accordingly. However, since the decision of the trial court in the suit involving the 1967 assessment was based on the opinion evidence as to its value that year, and no reversible error otherwise was shown, we adhere to our affirmance on appeal No. 69-863 of the decision of the trial court thus reducing the 1967 assessment.
In the separate suit involving the 1968 assessment, which is here under review on appeal No. 69-876, the trial court expressly rejected the testimony presented by both parties as to value of the property in and for that year, and, in the absence of required valuation testimony, adopted for 1968 the valuation which the court in a separate suit had fixed for the year 1967 (being the same as that for which the property had been assessed for 1965 and 1966.)
In fairness to the trial court, it should be noted that at the time the court adopted the prior year’s assessment figure for the 1968 assessment, in the absence of eviden-tiary proof of its value for the year involved, the trial court did not have the benefit of the case of Simpson v. Merrill, supra. Under that decision if the assessment was excessive, it was incumbent upon the taxpayer-owner to present competent testimony as to value to establish by a preponderance of the evidence the amount, if any, by which the assessment was illegal by reason of excessiveness, and in the absence of evidence sufficient to meet that burden, the fact that there may have been no showing of a change in circumstances relating to the property since the last assessment is not a basis to use the prior year’s assessment for the current year involved.
Accordingly, on appeal No. 69-876 we recede from and vacate our June 23, 1970 opinion and judgment of affirmance of the trial court’s judgment reducing the 1968 assessment, and reverse the judgment and remand the cause to the circuit court for a new trial to determine the just valuation of the property involved for assessment for the tax year 1968.
It is so ordered.